IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| In re Petition of<br>ELAINE L. CHAO,<br>SECRETARY OF LABOR,<br>UNITED STATES DEPARTMENT OF<br>LABOR,<br><br>    Petitioner for Perpetuation of<br>    Testimony, | No. 08-mc-56-JSS<br><br>ORDER AUTHORIZING<br>RULE 27 DEPOSITIONS |

On the 2nd day of October 2008, this matter came on for telephonic hearing on the Expedited Petition to Conduct Rule 27 Depositions (docket number 2) filed by the Petitioner on September 30, 2008. Petitioner Elaine L. Chao, Secretary of Labor, was represented by attorneys Mary D. Wright and Malinda Schob. The expected adverse party, Agriprocessors, Inc., was represented by attorneys Arthur Kaufman and Michael DeSantis.

## I. RELEVANT FACTS

While no evidence[1] was introduced at the time of hearing, the facts underlying the instant petition were set forth by Ms. Schob and may be summarized as follows: In June 2008, the Wage and Hour Division of the Department of Labor began an investigation into the "donning and doffing" practices at Agriprocessors, Inc. Among those interviewed by investigators were 23 illegal aliens who were arrested in a raid at the Agriprocessors plant in Postville, Iowa on May 12, 2008. Statements were taken from the witnesses on July 9 and 10, while they were being detained in Leavenworth, Kansas. Nine of those persons

---

[1] The Court notes that the Petition was not verified, as required by FEDERAL RULE OF CIVIL PROCEDURE 27. No objection was made, however, at the time of hearing.

are now being held at the Federal Correctional Institution in Miami, Florida, and are scheduled to be deported to their home countries on October 10, 2008.

According to Ms. Schob, she originally thought the witnesses were scheduled to be deported on November 1, 2008. Ms. Schob learned on September 23, however, that the actual deportation date is October 10. The facility housing the witnesses has told Ms. Schob that any depositions must be conducted on "non-visitor's days," which are Tuesdays, Wednesdays, and Thursdays.

Counsel for Agriprocessors notes that these "are not new claims." According to counsel, similar claims have been alleged for more than two years and were the subject of a previous action in this court. *See Eduardo Salazar, et al. v. Agriprocessors, Inc.*, No. 2:07-cv-1006-LRR (N.D. Iowa).

## *II. DISCUSSION*

Petitioner seeks an order authorizing the taking of depositions to perpetuate testimony, pursuant to FEDERAL RULE OF CIVIL PROCEDURE 27. A petition to take depositions to perpetuate testimony must show:

> (A) that the petitioner expects to be a party to an action cognizable in a United States court but cannot presently bring it or cause it to be brought;
>
> (B) the subject matter of the expected action and the petitioner's interest;
>
> (C) the facts that the petitioner wants to establish by the proposed testimony and the reasons to perpetuate it;
>
> (D) the names or a description of the persons whom the petitioner expects to be adverse parties and their addresses, so far as known; and
>
> (E) the name, address, and expected substance of the testimony of each deponent.

FED. R. CIV. P. 27(a)(1). The Court may issue such an order "[i]f satisfied that perpetuating the testimony may prevent a failure or a delay of justice." Rule 27(a)(3).

The Petition asserts that Petitioner "expects to be a plaintiff in this court in an action against Agriprocessors, Inc. to enforce the overtime and recordkeeping provisions of the Fair Labor Standards Act of 1938." The Secretary of Labor is charged with the enforcement of the Act and, therefore, has an "interest" in the expected action. Petitioner asserts that she is presently unable to bring the action "because additional evidence from employees regarding hours they work without pay is needed by the petitioner." The Petition identifies the persons whom the Petitioner wishes to examine and the expected substance of their testimony.

At the time of hearing, counsel for Agriprocessors noted that Rule 27 is designed to perpetuate testimony, and may not be used for pre-filing discovery. *Petition of Ferkauf*, 3 F.R.D. 89 (S.D.N.Y. 1943); *Hardin-Warfield v. Mosby*, 2006 WL 1366727 at *2 (S.D. Miss.) ("Rule 27 simply authorizes the *perpetuation* of evidence, not the discovery or uncovering of it.") (quoting *In re Landry-Bell*, 232 F.R.D. 266 (W.D. La. 2005)). In the instant action, however, Petitioner has interviewed and obtained statements from the nine persons sought to be deposed. It is undisputed that the witnesses will be deported in the near future and, therefore, will be unavailable to testify in future proceedings. Accordingly, the Court concludes that the depositions are for the purpose of perpetuating the witnesses' testimony, and not for discovery.

That conclusion, however, does not fully resolve the issue. Pursuant to Rule 27(a)(2), "[a]t least 20 days before the hearing date, the petitioner must serve each expected adverse party with a copy of the petition and a notice stating the time and place of the hearing." In this case, the Expedited Petition to Conduct Rule 27 Depositions (docket number 2) and a Motion for Expedited Telephonic Hearing (docket number 3) were filed on September 30, 2008. The Court entered an Order (docket number 4) on the

same date, setting the telephonic hearing in two days. Petitioner requests authority to take the depositions starting on October 7, just seven days following the filing of the Petition.

In response to the Court's inquiry regarding whether it had authority to shorten the notice requirement, Petitioner cited *In re I-35W Bridge Collapse Site Inspection*, 243 F.R.D. 349 (D. Minn. 2007). There, the Court noted the requirement of 20 days advance notice of the hearing and stated that "[g]iven the exigent circumstances, this Court would be sympathetic to a request to modify this requirement." *Id.* at 353. The Court was not required to reach that issue, however, because the Petition was denied on other grounds.

In *In re Petition of Jacobs*, 110 F.R.D. 422 (N.D. Ind. 1986), the petitioner was dying of myeloblastic leukemia and sought to perpetuate his testimony by deposition. Because he was afraid that he would not survive to the end of the 20 days notice requirement, he asked that the court reduce that time. The Court refused, concluding that "Rule 27 does not vest the court with the authority to reduce the twenty-day's notice requirement." *Id.* at 424. The Court in *In The Matter of Deiulemar Di Navigazione*, 153 F.R.D. 592 (E.D. La. 1994), disagreed, however, stating "[t]he court sees no reason why the twenty-day period set forth in Rule 27(a)(2) is sacrosanct and cannot be modified as are many other deadlines routinely modified by the court depending on the circumstances of a particular case." *Id.* at 593.

After considering all of the circumstances, the Court is satisfied that perpetuating the testimony of the identified witnesses may prevent a failure or delay of justice. FED. R. CIV. P. 27(a)(3). Accordingly, the Court will enter an order authorizing Petitioner to depose the named persons. The Court makes no judgment, however, regarding whether the deposition testimony will be admissible in further proceedings pursuant to FEDERAL RULE OF CIVIL PROCEDURE 32. That is, in any further proceeding the Court may consider the circumstances surrounding the depositions, the substance of the depositions, and the other evidence to be presented, and then determine whether Agriprocessors, Inc. would

be prejudiced by permitting the introduction of deposition testimony as substantive evidence.

## ORDER

IT IS THEREFORE ORDERED pursuant to FEDERAL RULE OF CIVIL PROCEDURE 27(a) that Petitioner is hereby **AUTHORIZED** to depose the following persons for the purpose of perpetuating their testimony:

> Melvin Garcia-Val
> Alvaro Jerez Ravaric
> Wilmer Garcia-Ordonez
> Eliazar Hurtarte-Toj
> Eliazar Cana-Melendres
> Adolfo Jolon-Godinez
> Miguel Machic-Cotoc
> Gilmer Lopez-Garcia
> Oseas Patzan-Yool

The depositions shall be conducted at the Federal Correctional Institution in Miami, Florida on October 7 and 8, 2008.[2] The subject matter of the examinations may include the deponents' dates of employment, departments in which they worked, their unrecorded hours worked pre-shift, post-shift and pre-and-post lunch break, their wages paid, their job duties, the protective equipment and clothing needed to perform their duties, and the procedures and policies regarding obtaining, donning and doffing of the protective equipment and clothing.

DATED this 2nd day of October, 2008.

JON STUART SCOLES
United States Magistrate Judge
NORTHERN DISTRICT OF IOWA

---

[2] The depositions shall be concluded not later than 5:00 p.m. on October 8, 2008.